**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

ELIZABETH TORRES,

          Plaintiff,

v.                                                          Case No. 6:20-cv-1471-JRK

KILOLO KIJAKAZI,[1] Acting
Commissioner of Social Security,

          Defendant.
_____/

## OPINION AND ORDER[2]

### I. Status

Elizabeth Torres ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of back problems, asthma, and depression. Transcript of Administrative Proceedings (Doc. No. 23; "Tr." or "administrative transcript"), filed March 16, 2021, at 50, 62, 79, 91, 222, 236.

---

[1] Kilolo Kijakazi recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted for Andrew Saul as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 27), filed July 20, 2021; Reference Order (Doc. No. 28), entered July 21, 2021.

On December 4, 2017, Plaintiff filed applications for DIB and SSI, alleging in both applications a disability onset date of October 14, 2017. Tr. at 186-92 (DIB); Tr. at 193-98.[3] The applications were denied initially, Tr. at 62-73, 74, 76, 106-08 (DIB); Tr. at 50-61, 75, 77, 109-11 (SSI), and upon reconsideration, Tr. at 90-101, 102, 104, 115-20 (DIB); Tr. at 78-89, 103, 105, 121-26 (SSI).

On May 20, 2019, an Administrative Law Judge ("ALJ") held a hearing, during which she heard from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 29-49. At the time of the hearing, Plaintiff was forty-five (45) years old. Tr. at 32. On July 25, 2019, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 15-22.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council and submitted additional evidence in the form of a brief authored by Plaintiff's representative. Tr. at 4-5 (Appeals Council exhibit list and order), 183-85 (request for review), 295-97 (brief). On June 9, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's Decision the final decision of the Commissioner. On August 13, 2020, Plaintiff commenced

---

[3] Although actually completed on December 4, 2017, see Tr. at 186, 193, the protective filing date of both of the applications is listed elsewhere in the administrative transcript as November 9, 2017, see, e.g., Tr. at 50, 62, 79, 91.

this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ erred by: 1) improperly evaluating the opinion of Plaintiff's treating physician, James Gilas, M.D.; and 2) not incorporating mental limitations into the residual functional capacity ("RFC"). Joint Memorandum (Doc. No. 32; "Joint Memo"), filed October 21, 2021, at 14, 31. After a thorough review of the entire record and consideration of the parties' arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for reconsideration of Dr. Gilas's opinion. Because the matter is being remanded for this reason and the SSA on remand may re-evaluate the alleged mental limitations as well, the Court need not address the remaining argument. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Regulations, determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step inquiry. See Tr. at 17-22. At step one, the ALJ determined that Plaintiff "has not engaged in [substantial gainful activity] since October 14, 2017, the alleged onset date." Tr. at 17 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the severe impairment of: degenerative disk disease (DDD)." Tr. at 17 (emphasis and

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

4

citation omitted). At step three, the ALJ found that Plaintiff "has no impairment or combination of impairments that meets or medically equals the severity of 1 of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 19 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform sedentary work (20 [C.F.R. §§] 404.1567(a) and 416.967(a)), except stand 15 minutes at a time up to 2 hours per day; occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs, but no ladders, ropes, or scaffolds; avoid: overhead reaching with the right dominant arm, operating left foot controls, constant temperatures over 90ºF and under 40ºF, work at heights, work with dangerous machinery, and constant vibration.

Tr. at 19 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff "can perform past relevant work (PRW) as [a] collection and accounting clerk . . . and [an] accounting clerk." Tr. at 21 (emphasis and citation omitted). The ALJ then made alternative findings at the fifth and final step of the sequential inquiry. Tr. at 21-22. After considering Plaintiff's age ("43 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the VE's testimony and found that "there are other jobs that exist in significant numbers nationally, that [Plaintiff] can perform," Tr. at 21, such as "Addresser," "Call Out Operator," and "Charge Account Clerk," Tr. at 22 (some emphasis and

citation omitted). The ALJ concluded Plaintiff "has not been under a disability . . . from October 14, 2017, through the date of th[e D]ecision." Tr. at 22 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is

supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Because Plaintiff filed her DIB and SSI applications after that date, the undersigned applies the revised rules and Regulations.

Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. § 404.1513(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources"). An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any

7

medical opinion(s) . . . , including those from [the claimant's] medical sources." 20 C.F.R. § 404.1520c(a). The following factors are relevant in an ALJ's consideration of a medical opinion: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. § 404.1520c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. § 404.1520c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. § 404.1520c(b)(3).[5]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a)(1). It is used at step four to determine

---

[5] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. § 404.1520c(b)(1).

8

whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1545(a)(5). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, Plaintiff's treating physician Dr. Gilas completed a Physical Assessment form on February 8, 2018, Tr. at 475-76, in which he opined in pertinent part as follows. Plaintiff's diagnosis is lumbar discal herniation, and she takes Oxycodone and Diazepam. Tr. at 475. Plaintiff's symptoms are severe enough to constantly interfere with her attention and concentration; she can walk less than one block without rest or severe pain; she cannot sit/stand/or walk any amount during the workday; she can never lift any amount of weight because she is "temporarily to permanently disabled"; she can grasp, turn and twist objects with her hands 30 percent of the time; she can use fine manipulation with her fingers 50 percent of the time; she can reach with her

9

arms 20 percent of the time; and she would be absent more than 4 days per month as a result of her impairments. Tr. at 475-76.

In the Decision, the ALJ found as follows with respect to Dr. Gilas's opinion:

> Dr. James Gilas, opined in February 2018 that [Plaintiff] cannot return to work. [Plaintiff] is unable to lift/sit/stand/walk during an 8-hour workday and she is "temporarily to permanently," disabled. (Exhibit 8F) This medical source statement is less persuasive because it is not supported by contemporary treatment records or [Plaintiff's] testimony. (Exhibits 4F, 10F) This opinion is reserved to the Commissioner of SSA.

Tr. at 20. Earlier in the Decision, the ALJ discussed Exhibits 4F and 10F (Dr. Gilas's treatment records) as follows:

> October 2017 notes show assessments of lumbago; lumbar radiculopathy, S1; L4-L5 herniation of the nucleus pulposus (HNP), left; and L5-S1 foraminal stenosis. Exam showed positive left straight-leg raise; no tenderness to palpitation over the thigh/calf; sensation intact in lower extremities; lower extremity motor strength 5/5; and, left-side limp. Recommendation was for an L5-S1 transformational epidural steroid injection (Exhibit 4F/2, 10F)[.]

Tr. at 19.

Plaintiff argues the ALJ erred in evaluating the opinion of Dr. Gilas because the ALJ's discussion of the opinion is conclusory, lacks rationale, and fails to comply with the applicable Regulations. Joint Memo at 15-16. Responding, Defendant contends the ALJ's conclusory statement about the opinion is not problematic because the ALJ elsewhere in the Decision explained

her rationale. Id. at 28. Defendant also argues that the evidence is not supportive of Dr. Gilas's opinion. Id. at 29. Finally, Defendant asserts that the ALJ adequately considered the factors set forth in the Regulations. Id. at 30-31.

The undersigned finds the ALJ's discussion of Dr. Gilas's opinion is too conclusory to allow for meaningful judicial review. The ALJ's evaluation of the opinion boils down to the findings that it "is less persuasive because it is not supported by contemporaneous treatment records or [Plaintiff]'s testimony," with a citation to Dr. Gilas's treatment notes, and that the "opinion is reserved to the Commissioner of SSA." Tr. at 20 (citing Exhibits 4F, 10F). To the extent that the ALJ relied on the alleged lack of support in the treatment records, it is not immediately apparent from a review of the treatment records how they fail to support the opinion. See generally Tr. at 395-98 (treatment records at Exhibit 4F), 481-85 (treatment records at 10F). In fact, a treatment record authored just after the opinion, on February 21, 2018, re-affirmed that Plaintiff's "musculoskeletal exam [was] consistent with prior evaluations" and Plaintiff "is totally disabled for occupation as a school bus driver, given overall clinical presentation with imaging correlation." Tr. at 485. Nor does the ALJ's previous, relatively conclusory, discussion of the treatment records shed light on their alleged failure to support Dr. Gilas's opinion. See Tr. at 19.

The ALJ also relied on the lack of support for Dr. Gilas's opinion in Plaintiff's testimony, but again, the ALJ did not articulate how the testimony

11

is inconsistent. See Tr. at 20. The ALJ did, later in the Decision, discuss Plaintiff's testimony in evaluating her RFC. In that discussion, the ALJ relied in part on Plaintiff's testimony that "[s]he estimated lifting 8 pounds, standing and/or walking 15 minutes at a time, and sit[ting] for 30 minutes." Tr. at 20-21; see Tr. at 36 (Plaintiff's testimony). However, Plaintiff testified she walks with a cane, Tr. at 36-37, and at home she "lay[s] down in [her] recliner," and then gets up, walks around her house, and returns to the recliner. Tr. at 37. In short, while parts of Plaintiff's testimony do seem inconsistent to a degree with Dr. Gilas's findings, other parts do not. Since the ALJ did not provide a discussion of the alleged lack of support in the testimony, judicial review is again frustrated.

Finally, the ALJ found that "th[e] opinion is reserved to the Commissioner of the SSA," Tr. at 20, presumably referring to Dr. Gilas's opinion that Plaintiff is "temporarily to permanently disabled," Tr. at 475. While the ALJ is correct in this regard, Dr. Gilas's opinion goes beyond that ultimate question. He opines on specific effects of Plaintiff's impairments and how they will affect her ability to perform job-related functions. See Tr. at 475-76. Dr. Gilas's statements about these matters qualify as a medical opinion under the revised Regulations. The ALJ was therefore required to explain how she evaluated the most important factors of supportability and consistency, see 20

C.F.R. § 404.1520c(b)(2), but the ALJ failed to do so. Remand for further consideration and explanation is required.

## V. Conclusion

Based on the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as well as § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

    (A) Re-evaluate Dr. Gillas's opinion consistent with the revised Regulations for evaluating medical evidence;

    (B) Consider Plaintiff's other argument on appeal if appropriate; and

    (C) Take such other action as may be necessary to resolve this matter properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Standing Order on Management of Social Security Cases entered on December 7, 2021 in Case No. 3:21-mc-001-TJC (Doc. No. 43, ¶¶ 6, 8).

**DONE AND ORDERED** in Jacksonville, Florida on March 4, 2022.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies:
Counsel of Record