UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ELIZABETH TORRES,

        Plaintiff,

v.                                        Case No. 6:20-cv-1471-JRK

KILOLO KIJAKAZI, Acting
Commissioner of Social Security,

        Defendant.
_____/

**O R D E R**[1]

**I.  Status**

This cause is before the Court on the Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 37; "Motion"), filed June 3, 2022, in which Plaintiff seeks an award of fees (both attorney and paralegal) in the amount of $3,476.18, expenses in the amount of $17.25, and costs in the amount of $400.00. Motion at 1. Defendant opposes the Motion on two grounds: 1) some of the work performed was clerical in nature and therefore not compensable; and 2) the paralegal hourly rate should not exceed $75.00. See Defendant's Objection to Plaintiff's Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 38; "Response"), filed

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 27), filed July 20, 2021; Reference Order (Doc. No. 28), entered July 21, 2021.

June 15, 2022. With leave of Court, see Order (Doc. No. 40), Plaintiff replied on July 28, 2022. See Plaintiff's Reply to Defendant's Objection to Plaintiff's Motion for Attorney's Fees (Doc. No. 41; "Reply"). Through the Reply, Plaintiff requests an additional $325 in fees for time spent in preparing it, a request that Defendant anticipated in the response and opposes. Reply at 5; Response at 8-10. Upon due consideration and for the reasons stated below, the undersigned finds that the Motion is due to be granted in part and denied in part, as set forth herein.

## II.  Discussion

### A.  Amount of Fees

Plaintiff's counsel seeks $3,801.18 in attorney and paralegal fees (including fees for time spent preparing the Reply). Motion at 1; Reply at 4. Plaintiff's counsel indicates a total of 31 hours were expended in the representation of Plaintiff before the Court. Motion at Ex. A (Doc. No. 37-1; "Ledger") (showing 28.40 hours were expended before the Reply was filed); Reply at 5 (representing 2.60 additional hours were spent preparing the Reply).

### 1.  Hourly Rate

Counsel requests an hourly rate for attorney Suzanne Harris of $203.94 for 0.3 hours in 2020 and $214.29 for 0.7 hours in 2021; an hourly rate of $125.00 for 23.6 hours collectively spent by attorneys not admitted to the Middle District

of Florida; and an hourly rate of $100.00 for 6.4 hours spent by paralegals. See Motion at 7-8; Reply at 5.

A reasonable hourly rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." ACLU of Ga. v. Barnes, 168 F.3d 423, 436 (11th Cir. 1999) (quoting Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988)). The "relevant legal community is "the place where the case is filed." Id. at 437. If a movant seeks "non-local rates of an attorney who is not from the place in which the case was filed, he must show a lack of attorneys practicing in that place who are willing and able to handle his claims." Id.

The burden is upon the fee applicant to "supply[ ] the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." Norman, 836 F.2d at 1303. "No two lawyers possess the same skills, and no lawyer always performs at the same level of skill." Id. at 1300. Therefore, the fee applicant "ought to provide the court with a range of market rates for lawyers of different skill levels (perhaps as measured by quality and quantity of experience) involved in similar cases with similar clients, so that the court may interpolate the prevailing market rate based on an assessment of the skill demonstrated in the case at bar." Id. Moreover, "a court should hesitate to give controlling weight to prior awards, even though they may be

3

relevant." Callaway v. Acting Comm'r of Soc. Sec., 802 F. App'x 533, 538 (11th Cir. 2020) (quoting Dillard v. City of Greensboro, 213 F.3d 1347, 1354-55 (11th Cir. 2000)).

Paralegal time is recoverable under the EAJA, but only "to the extent that the paralegal performs work traditionally done by an attorney." Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988) (emphasis and citation omitted), aff'd sub nom. Comm'r, I.N.S. v. Jean, 496 U.S. 154 (1990). In determining whether the number of hours expended are reasonable, the Court must ensure that "excessive, redundant or otherwise unnecessary" hours are excluded from the amount claimed. Norman, 836 F.2d at 1301 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). To that end, it is important that fee applicants "exercise 'billing judgment,'" meaning "that the hours excluded are those that would be unreasonable to bill a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Id. (quoting Hensley, 461 U.S. at 434).

Defendant does not oppose the hourly rate requested for Ms. Harris ($203.94 and $214.29) or for the attorneys not admitted to practice in this Court ($125.00), and the Court finds the rates reasonable. The undersigned acknowledges that the hourly rate requested for Ms. Harris is higher than the $125 specified by statute based on the increase in the cost of living since 1996, when the attorney's fee rate was last adjusted by Congress. See 28 U.S.C. §

4

2412(d)(2)(A) (permitting fee awards at rates higher than $125 per hour upon the Court's determination that cost of living has increased). Having examined the Consumer Price Index and the representations made in the Motion, the Court concludes an increase in inflation does justify a proportionate increase in attorney's fees such that the hourly rate requested for Ms. Harris's work is reasonable.[2] With respect to the hourly rate requested for the attorneys not admitted to practice in this Court, the undersigned finds an hourly rate of $125.00 to be in line with the market rate for similar services provided by paralegals of reasonably comparable skills, experience, and reputation. See Wood v. Comm'r of Soc. Sec., No. 2:15-cv-437-JES-CM, 2017 WL 2298190, at *2 (M.D. Fla. May 26, 2017) (unpublished) (applying paralegal rate to work of attorney who was not admitted at the time the work was performed, "consistent with other cases applying a paralegal rate in cases where admission was never sought"); Goodman v. Comm'r of Soc. Sec., No. 3:17-cv-1127-PDB, 2019 WL 1763205, at *5 (M.D. Fla. Apr. 22, 2019) (unpublished) (finding $125.00 to be a reasonable hourly rate for non-admitted attorneys). In finding $125.00 is a reasonable hourly rate, the undersigned has given consideration to the

---

[2] See U.S. Dep't of Labor, Inflation Calculator, http://data.bls.gov/cgi-bin/cpicalc.pl (last visited October 5, 2022). In computing the hourly rate adjustment for the cost of living increase, the Consumer Price Index is generally used for the year in which the services were performed. See Masonry Masters, Inc. v. Nelson, 105 F.3d 708, 710-13 (D.C. Cir. 1997); see also Gates v. Barnhart, 325 F. Supp. 2d 1342, 1346 (M.D. Fla. 2002).

experience that comes with a law degree and bar membership. See Goodman, 2019 WL 1763205, at *5.

As to the $100.00 hourly rate requested for the work of paralegals, Plaintiff relies on a 2016 National Utilization & Compensation Survey Report published by the National Association of Legal Assistants ("NALA") ("NALA Report") that shows "the average hourly rate for a paralegal in the Southeast is $131 per hour." Motion at 6 (citing id. at Ex. U (Doc. No. 37-21), p. 10). Plaintiff argues the paralegals who worked on this case "are very experienced in what they do." Id. at 8. Specifically, the paralegals have the following years of experience:

- Jake Marshall: 0 years
- Almira Husejnovic: 3 years
- Jordan Harcleroad: 2 years
- Erin Tucker: 1 year
- Brittany Havens: 2 years
- Josie Shafer: 1 year
- Kristen Harrington: 0 years

Id. at 7-8. Plaintiff asserts that the number of years' experience does not matter so much as the "train[ing] to perform their specific job functions, which makes them highly experienced in that task." Reply at 4-5.

6

Responding, Defendant argues that "Plaintiff has failed to demonstrate that the hourly rate requested for the paralegals is reasonable." Response at 1; see id. at 6-8. According to Defendant, the NALA Report "does not establish the prevailing market rate for Social Security cases in the relevant community; that is, the Middle District of Florida, Orlando Division." Id. at 8.

Upon due consideration and based on the undersigned's experience and knowledge of reasonable rates in Orlando, $75.00 is a reasonable hourly rate for the paralegals, the most experienced of whom (by years) has three years of practice. In reaching this conclusion, the undersigned has also considered (without giving controlling weight to) the hourly rates awarded in other recent Orlando cases.

The Court agrees with Defendant that the NALA Report is not a good indicator of the hourly market rate for the work performed by paralegals in this case. The NALA Report indicates the average paralegal hourly rate for the entire Southeastern United States is $131.00, but this rate is not specific to social security cases or to the relevant market (Orlando, Florida). Accordingly, the NALA Report is of limited evidentiary value in this case.

**2. Number of Hours**

As noted, Defendant contests certain tasks that she argues are clerical. See Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (citation omitted) (clerical work is part of unrecoverable

7

overhead expenses). Specifically, Defendant asserts the following are clerical tasks and should not be compensated:

- 7/1/2020 Files received, reviewed and processed from referral source for attorney review, 0.6 hours, paralegal Jordan Harclerod

- 7/30/2020 FDC contract and other rep documents prepared for Client completion, 0.6 hours, paralegal Erin Tucker

- 7/31/2020 FDC contract and other rep docs returned via Right Signature, reviewed for completion, 0.3 hours, paralegal Erin Tucker

- 4/22/2021 Combine, OCR and Live Bookmark Federal Court transcript (656 pages), 0.7 hours, paralegal Brittany Havens

- 8/18/2020 Federal Court – Service of Process- prepare service packets to USAO, OGC, AG, 0.6 hours, paralegal Jordan Harcleroad

- 8/24/2020 Combine and file proof of service via CM/ECF, 0.2 hours, paralegal Jordan Harcleroad

Response at 4; see Ledger. In addition, Defendant contends that "if the Court properly reduces the amount of fees awarded, any request for compensation for preparing the [R]eply would be time spent litigating the fees and should be denied." Response at 9.

The undersigned finds that the above tasks are clerical and should not be compensated. See, e.g., Scelta v. Delicatessen Support Servs., Inc., 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (citation omitted) (clerical work is part of unrecoverable overhead expenses); see also Marcum v. Kijakazi, No. 3:19-cv-959-JRK, 2021 WL 3190545 (M.D. Fla. July 28, 2021); Richburg v. Carmel at

8

the California Club Prop. Owners Ass'n, No. 18-21944-CV, 2019 WL 2255586, at *4 (S.D. Fla. May 1, 2019) (unpublished) (recognizing that "review of routine orders and pleadings filed in the case . . . and standard docket review" are clerical tasks); Korman v. Iglesias, No. 18-21028-CV, 2019 WL 2142521, at *5 (S.D. Fla. Apr. 4, 2019) (unpublished) (finding that time spent "calendaring" a reply due date was not recoverable), report and recommendation adopted, No. 18-21028-CIV, 2019 WL 2141655 (S.D. Fla. Apr. 25, 2019) (unpublished); Wood, 2017 WL 2298190, at *3 (finding "Federal Court forms packet prepared for Client completion, mailed via USPS," "FDC prospect packet returned via Right Signature/Reviewed for completion," and "Download, File and Save Transcript. OCR and live bookmark" to be non-compensable, clerical tasks); Espino v. Comm'r of Soc. Sec., No. 6:14-cv-1185-TBS, 2015 WL 6705453, at *2 (M.D. Fla. Nov. 2, 2015) (unpublished) (finding clerical the task of "Review Summons Issued"); Huntley v. Comm'r of Soc. Sec., No. 6:12-cv-613-RBD-TBS, 2013 WL 5970717, at *4 (M.D. Fla. Nov. 8, 2013) (unpublished) (excluding time for preparation of summonses and civil cover sheet); Moore v. Appliance Direct, Inc., No. 6:09-cv-224-GJK, 2013 WL 12336220, at *6 (M.D. Fla. Oct. 22, 2013) (unpublished) (finding entry for "Letter to Clerk of Courts" was non-compensable because it was vague); Weaver v. Comm'r of Soc. Sec., No. 6:07-cv-1082-PCF-KRS, 2008 WL 2370187, at *2 (M.D. Fla. June 6, 2008) (unpublished) (finding that "the administrative task of preparing and transmitting the

9

retainer agreement is not compensable"); Mobley v. Apfel, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000) (excluding time for "Letter to Clerk re: unsigned brief" (emphasis omitted)).

As to the additional time spent preparing the Reply, the undersigned finds that it is not due to be compensated because Plaintiff was unsuccessful in convincing the Court on any of the disputed issues. See Comm'r, I.N.S. v. Jean, 496 U.S. 154, 163 n.10 (1990).

Based on the foregoing, the time sought for the work of paralegals is reduced by 3 hours (from 6.4 hours to 3.4) and the rate is reduced to $75.00 per hour. Additionally, the compensable hours of attorney time are reduced by 2.6 hours (at a $125 per hour rate). The total fees to be awarded are $3,091.18.

## B.  Assignment of Attorney's Fees

Finally, Plaintiff has assigned her rights to any entitlement of attorney's fees due under the EAJA to her counsel. See Affirmation and Waiver of Direct Payment of EAJA Fees (Doc. No. 37-19). Regarding the assignment, Plaintiff's counsel represents the following:

> If the United States Department of Treasury determines that Plaintiff owes no debt that is subject to offset, the government will accept the assignment of EAJA fees and pay such fees directly to Plaintiff's attorney.

Motion at 9. Defendant does not object to proceeding in this manner. See generally Response.

To the extent Plaintiff asks the Court to order Defendant to accept the assignment upon verification that Plaintiff does not owe a federal debt, the trend appears to be toward declining to do so, instead leaving the matter solely to the discretion of Defendant. See, e.g., Clarke v. v. Comm'r of Soc. Sec., No. 6:17-cv-00616-PGB-GJK, 2018 WL 2181621, at *1-2 (M.D. Fla. May 10, 2018) (report and recommendation) (Kelly, J.), adopted, Order (Doc. No. 31) (M.D. Fla. May 11, 2018) (Byron, J.); McDonald v. Berryhill, No. 6:16-cv-01150-RBD-JRK, 2017 WL 2992060, at *1-2 (M.D. Fla. July 14, 2017) (Dalton, J.); Cuthbertson v. Berryhill, No. 6:15-cv-02062-CEM-JRK, Order (Doc. No. 30) (M.D. Fla. June 1, 2017) (Mendoza, J.). Accordingly, the undersigned declines to order acceptance of the assignment.

**C.  Expenses and Costs**

With respect to expenses, Defendant does not contest Plaintiff's request for $17.25 in expenses for mailing service documents, and $400.00 in costs for reimbursement of the filing fee. See Motion at 9, Exs. Q, R (Doc. Nos. 37-17, 37-18); see generally Response. The undersigned finds these expenses and costs to be appropriate.

### III. Conclusion

In light of the foregoing, it is

**ORDERED**:

11

1. The Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (Doc. No. 37) is **GRANTED** to the extent that the Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendant for attorney and paralegal fees in the amount of $3,091.18 pursuant to 28 U.S.C. § 2412(d), expenses in the amount of $17.25, and costs in the amount of $400.00.

2. In all other respects, the Motion is **DENIED**.

3. The Commissioner may exercise her discretion to honor Plaintiff's assignment of fees to counsel if the U.S. Department of Treasury determines that Plaintiff does not owe a debt to the U.S. Government.

**DONE AND ORDERED** in Jacksonville, Florida on October 7, 2022.

                                                               _____
                                                               JAMES R. KLINDT
                                                               United States Magistrate Judge

kaw
Copies to:
Counsel of Record